IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

_____

| | |
|---|---|
| GREGORY WARD, #130 924 | * |
| Petitioner, | * |
| v. | * CIVIL ACTION NO. 2:03-CV-24-A |
| CHERYL PRICE, WARDEN, *et al.*, | * |
| Respondents. | * |

_____

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

**I. INTRODUCTION AND PROCEDURAL HISTORY**

This cause is before the court on a 28 U.S.C. § 2254 petition for habeas corpus relief filed by Gregory Ward ["Ward"], a state inmate, on January 7, 2003. Following a bench trial, Ward was convicted of first degree sexual abuse by the Circuit Court for Montgomery County, Alabama on February 16, 2001. On March 9, 2001, the trial court sentenced Ward, as a habitual offender, to a 28-year term of imprisonment. (Doc. No. 5, Exh. 1.)

He appealed his conviction and sentence by presenting three issues for review: 1) he was not arraigned, 2) the State violated *Doyle v. Ohio*, 426 U.S. 610 (1976), and 3) the evidence was insufficient to sustain his conviction. The Alabama Court of Criminal Appeals affirmed Ward's conviction on August 17, 2001, and denied his application for rehearing on

September 7, 2001.  The Alabama Supreme Court denied his petition for writ of certiorari on January 25, 2002.  (Doc. No. 5, Exhs. 5-8.)

Ward filed a Rule 32 petition on May 13, 2002, presenting the following issues to the trial court:

1. The trial court subjected him to double punishment by sentencing him as a habitual offender;

2.  He received ineffective assistance of counsel;

3.  The victim's statement was coerced and should not have been admitted into evidence;

4.  A jury and not the judge should have determined his sentence;

5.  He was denied his right to trial by jury.

The state court denied the petition on June 14, 2002.  Ward appealed the lower court's decision presenting the same issues that he raised in his post-conviction petition. The Alabama Court of Criminal Appeals affirmed the post-conviction court's decision on September 20, 2002. On October 11, 2002 the appeals court denied Ward's application for rehearing.  The Alabama Supreme Court denied his petition for writ of certiorari on December 13, 2002.  (Doc. No. 5, Exhs. 9-16.)

Ward filed the instant federal habeas petition on January 7, 2003.  He presents the following claims for relief:

1. He was subjected to double punishment because he was sentenced as a habitual offender;

2. He received ineffective assistance of counsel;

3. The victim's statement was coerced and improperly admitted into evidence;

4. A jury, not a judge, should have decided his sentence because the prior convictions used to enhance Petitioner's sentence should have been presented to a jury (*Apprendi* claim);

5. He was coerced by counsel into accepting a bench trial and, therefore, his right to trial by jury was violated.

Respondents filed an answer on January 31, 2003 and supplemental answers on February 25, 2003 and March 13, 2003, in accordance with the provisions of Rule 5, *Rules Governing Section 2254 Cases in the United States District Courts*. They contend that Ward's habeas petition is due to be denied because his claims that: 1) the application of the Habitual Offender Act subjected him to double punishment, 2) the victim's statement was coerced and, therefore, inadmissable as evidence, and 3) his waiver to trial by jury was not voluntary, are procedurally barred from review by this court.

In support of their procedural default argument, Respondents contend that the Alabama Court of Criminal Appeals determined that Ward's claims regarding double punishment and the coerced victim's statement could have been, but were not, raised at trial or on direct appeal, in violation of Rule 32.2(a)(3) & (5), *Ala.R.Crim.P.* Respondents assert

that Ward's challenge to the voluntariness of his right to trial by jury is defaulted because it was not presented to the state court's in accordance with the state's procedural rules. *See Teague v. Lane*, 489 U.S. 288 (1989); *Bailey v. Nagle*, 172 F.3d 1299, 1303 (11th Cir. 1999). Respondents also maintain that Ward's claim that he received ineffective assistance of trial counsel was properly adjudicated in the state courts. Finally, the Court of Criminal Appeals concluded that Petitioner's *Apprendi* claim lacked merit. (*See* Doc. No. 5, Exh. 12.)

Ward was provided an opportunity to file a response to the answer of Respondents and has done so. (*See* Doc. Nos. 6, 12.) Upon review of the § 2254 petition, the Respondents' answer and Ward's response, the court concludes that no evidentiary hearing is required and that the petition is due to be denied in accordance with the provisions of Rule 8(a), *Rules Governing Section 2254 Cases in United States District Courts*.

## II.  PROCEDURAL DEFAULT

On appeal from the denial of his post-conviction petition, Ward presented to the Alabama Court of Criminal Appeals his claims that application of the Habitual Offender Act subjected him to double punishment and that the victim's testimony was coerced and, therefore inadmissible.

The state appellate court found the claims procedurally defaulted because they could have been raised at trial or on appeal but were not. *See Harris v. Reed*, 489 U.S. 255 (1989)

(where a state court has issued a plain statement that a claim is procedurally defaulted due to a petitioner's failure to present the claim in accordance with state procedural rules, the claim is barred from federal review); *Collier v. Jones*, 910 F.2d 770 (11th Cir. 1990) (same); *Atkins v. Singletary*, 965 F.2d 952, 955 (11th Cir. 1992) (citations omitted) ("Federal review of a petitioner's claim is barred by the procedural default doctrine if the last state court to review the claim states clearly and expressly that its judgment rests on a procedural bar, and that bar provides an adequate and independent state ground for denying relief.").

Ward's claim that he was coerced into waiving his right to trial by jury has never been presented to the state court's and presentation of such claim now would be barred by the state's procedural rules.[1] *See Brownlee v. Haley*, 306 F.3d 1043, 1065 (11th Cir. 2002); *Holladay v. Haley*, 209 F.3d 1243, 1254 n. 9 (11th Cir. 2000); *Collier v. Jones*, 910 F.2d 770, 772 (11th Cir. 1990).

This court may reach the merits of a petitioner's procedurally defaulted claims only if the petitioner shows either (1) cause for the procedural default and actual prejudice arising out of the violation of federal law, *Coleman v. Thompson*, 501 U.S. 722 (1991), or (2) a

---

[1] Upon review of Petitioner's brief on appeal from the denial of his Rule 32 petition, it is clear that Petitioner asserted a challenge to the constitutionality of his conviction based on a bench trial. (Doc. No. 5, Exh. 10, pg. 8.) In its opinion affirming the denial of Ward's post-conviction petition, the Alabama Court of Criminal Appeals found defaulted Petitioner's claim that a jury, rather than a judge, should have actually determined whether he was guilty of the offense with which he was charged because such claim could have been raised at trial or on appeal. (*Id*. Exh. 12, pg. 4.) In the instant petition, Ward argues that he was coerced by counsel into accepting a bench trial rather than trial by jury which is different from the claim he presented to the state courts. (Doc. No. 1, pg. 7.)

resulting fundamental miscarriage of justice if the federal court does not consider the merits of the claims. *Schlup v. Delo*, 513 U.S. 298, 320 (1995). Although the court finds that Ward has failed to establish cause for his default,[2] it may nevertheless reach the merits of his defaulted claims to prevent a fundamental miscarriage of justice.

The miscarriage of justice standard is directly linked to innocence. *Schlup*, 513 U.S. at 321. Innocence is not an independent claim; rather, it is the "gateway" through which a petitioner must pass before a court may consider constitutional claims which are defaulted. *Id.* at 315. This exception applies where a petitioner establishes that "a constitutional violation has probably resulted in the conviction of one who is actually innocent." *Id.* at 327 (*citing Murray v. Carrier*, 477 U.S. 478, 496 (1986)).

"To establish actual innocence, [Ward] must demonstrate that . . . 'it is more likely than not that no reasonable juror would have convicted him.'" *Bousley v. United States,* 523 U.S. 614, 623 (1998) (*citing Schlup*, 513 U.S. at 327-328). "It is important to note in this

---

[2]To the extent Petitioner's responses may be read to allege a lack of education and/or ignorance of the law as cause for his default, such argument is unavailing. To establish cause excusing a procedural default, a petitioner must show that the default resulted from some objective factor external to the defense that prevented him from raising the claim and which cannot be fairly attributable to his own conduct, *Murray v. Carrier*, 477 U.S. 478, 488 (1986), or that the defaulted claim(s) raises an issue that was intrinsically beyond a *pro se* petitioner's ability to present. *Smith v. Newsome*, 876 F.2d 1461, 1465-66 (11th Cir. 1989) (petitioner's argument that his status as a *pro se* litigant established cause for his procedural default unpersuasive). Thus, Petitioner's lack of education, and/or ignorance of the law does not excuse his procedural default as these alleged impediments are not objective factors external to Petitioner within the meaning of *Murray v. Carrier, supra*.

regard that 'actual innocence' means factual innocence, not mere legal insufficiency." *Id.* at 623-624 (*citing Sawyer v. Whitley*, 505 U.S. 333, 339 (1992)).

*Schlup* observes that

> a substantial claim that constitutional error has caused the conviction of an innocent person is extremely rare. . . . To be credible, such a claim requires petitioner to support his allegations of constitutional error with new reliable evidence – whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence – that was not presented at trial.

*Id.* at 324.

Petitioner has presented nothing to this court which demonstrates the requisite showing of actual innocence. His procedurally defaulted claims are, therefore, foreclosed from federal habeas review.

### III. DISCUSSION

*A. Claims Adjudicated in State Court*

**1. Standard of Review**

Ward's request for federal habeas relief is governed by 28 U.S.C. § 2254. Under the provisions of 28 U.S.C. § 2254(d), with respect to a claim adjudicated on the merits in state court, federal habeas relief from a state court judgment may not be granted unless the adjudication of the claim:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

In *Williams v. Taylor*, 529 U.S. at 412, the Court held that:

> Under the "contrary to" clause a federal court may grant the writ if the state court arrives at a conclusion opposite to that reached by this Court on a question of law or if the state court decides a case differently than this Court has on a set of materially indistinguishable facts. Under the "unreasonable application" clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from this Court's decisions but unreasonably applies that principle to the facts of the prisoner's case.

"[F]ederal habeas relief [is] available under the 'unreasonable application' standard only if the state court's application of clearly established federal law was 'objectively unreasonable.'" *Parker v. Head*, 244 F.3d 831, 835 (11th Cir. 2001) (quoting *Williams*, 529 U.S. at 409). A federal district court is not to decide "the correctness *per se* . . . of the state court decision" but only the "objective reasonableness" of such decision. *Brown v. Head*, 272 F.3d 1308, 1313 (11th Cir. 2001) (*citing Williams*, 429 U.S. at 411).

Federal district courts are similarly directed to determine whether the state court's findings were based on "an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(2). A state court's determinations of fact shall be "presumed to be correct," and the habeas petitioner "shall have the burden of rebutting the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1). "However, the statutory presumption of correctness

applies only to findings of fact made by the state court, not to mixed determinations of law and fact." *Parker*, 244 F.3d at 835 (*citing McBride v. Sharpe*, 25 F.3d 962, 971 (11th Cir. 1994)).

### 2. Ineffective Assistance of Counsel

The Supreme Court's decision in *Strickland v. Washington*, 466 U.S. 668 (1984), sets forth the clearly established federal law for purposes of evaluating allegations of ineffective assistance of counsel. Thus, this court will determine whether the state courts' rejection of Ward's claims of ineffective assistance of counsel "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d)(1).

The Sixth Amendment right to counsel exists to protect the fundamental right to a fair trial. Ward must thus satisfy the requirements of a two-pronged test to prevail on his claims of ineffective assistance of counsel. First, he must establish that his attorney's performance "fell below an objective standard of reasonableness." *Strickland* 466 U.S. at 688. "The proper measure of attorney performance remains simply reasonableness under prevailing professional norms." *Id*.

Once this threshold test is met, he must then show that the deficient performance of his counsel prejudiced his defense. *Id.* at 687. To establish prejudice, Ward is required to show that there is "a reasonable probability that, but for counsel's unprofessional errors, the

result of the proceeding would have been different." *Id.* at 694. Unreliability or unfairness does not result if counsel's ineffectiveness does not deprive the defendant of any substantive or procedural right to which the law entitles him. *Williams*, 529 U.S. at 393 n. 17. There is a strong presumption that counsel's performance was reasonable and adequate and great deference is shown to choices dictated by reasonable trial strategy. *Rogers v. Zant*, 13 F.3d 384, 386 (11th Cir. 1994). Any review of an ineffective assistance of counsel claim is conducted from the perspective of defense counsel based on facts "as they were known to counsel at the time of the representation." *United States v. Teague*, 953 F.2d 1525, 1535 (11th Cir. 1992).

On appeal from the denial of Ward's Rule 32 petition, the Alabama Court of Criminal Appeals rejected his challenges to trial counsel's performance. Specifically, the appellate court concluded that he presented no more than bare, unsupported allegations regarding his attorney's performance. (Doc. No. 5, Exh. 12, pg. 2.)

According to Ward, trial counsel's performance was deficient because she failed to establish an attorney client relationship with him, failed to communicate with him for purposes of obtaining relevant trial information, failed to defend him sufficiently against the charged offense where counsel knew the victim was coerced into falsely accusing Ward of sexual abuse, and failed to challenge application of the Habitual Felony Offender Act to his sentence.

Ward's claims regarding his trial attorney's performance present nothing more than conclusory unsupported allegations. Aside from this pleading deficiency, to the extent he essentially asks the court to second-guess counsel's strategic decisions and management of his case, the court declines to do so because Ward has failed to demonstrate a "reasonable probability that, but for counsel's [allegedly] unprofessional errors, the result of the proceeding would have been different." *Strickland,* 466 U.S. at 694; *Darden v. Wainwright,* 477 U.S. 168, 186 (1986) (citations omitted) (counsel cannot be adjudged incompetent for performing in a particular way in a case, as long as the approach taken "might be considered sound trial strategy.").

Nothing in the trial transcripts or elsewhere in the record demonstrates that counsel's alleged shortcomings prejudiced Ward. Because he has failed to demonstrate prejudice, his allegations of ineffective assistance of counsel do not entitle him to habeas relief.

### 3. The Sentence Enhancement Claim

Ward complains that a jury should have determined his sentence rather than a judge because any sentence beyond the statutory maximum must have been presented to a jury and proven beyond a reasonable doubt. Concluding that Ward's *Apprendi* [*v. New Jersey*, 530 U.S. 466 (2000)] claim lacked merit, the Alabama Court of Criminal Appeals found:

> . . .appellant argues that, pursuant to the United States Supreme Court's holding in Apprendi v. New Jersey, 530 U.S. 466, 120 S.Ct. 2348, 147 L. Ed 2d 435 (2000), the prior felony convictions

that were used to enhance his sentence should have been proven to the jury. However,

> "[t]he Apprendi Court specifically excluded from its holding proof of prior convictions necessary to invoke a habitual felony offender act. 530 U.S. at 490. See State v. Sanko, 62 Conn. Ap. 34, 771 A.2d 149 (2000), cert. denied, 256 Conn. 905, 772 A.2d 599 (2001) (Apprendi does not apply to prior convictions and admissions)."
>
> Poole v. State, [Ms. CR-99-1200, August 31, 2001] ___ So. 2d ___, ___ (Ala. Crim. App. 2001). Therefore, the appellant's argument is without merit.

(Doc. No. 5, Exh. 12, pgs. 2-4) (footnote omitted).

The Alabama Court of Criminal Appeals' decision on this claim was neither contrary to, nor an unreasonable application of, federal law. *See Apprendi*, 530 U.S. at 490, ("[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt.").[3] Consequently, Ward is not entitled to relief on his claim that his sentence was improperly enhanced by use of *the fact of prior convictions,* not proven to a jury.

---

[3] The Supreme Court exempted "prior convictions" from the *Apprendi* requirements, reasoning that, with respect to these previous convictions, defendants have already received the requisite procedural safeguards. *See Apprendi,* 530 U.S. at 488.

## IV. CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that the petition for habeas corpus relief filed by Petitioner Gregory Ward be DENIED and DISMISSED with prejudice.

It is further

ORDERED that the parties are DIRECTED to file any objections to the said Recommendation on or before **June 2, 2005**. Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation objected to. Frivolous, conclusive or general objections will not be considered by the District Court. The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar the party from a *de novo* determination by the District Court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

Done this 19th day of May, 2005.

/s/ Vanzetta Penn McPherson
UNITED STATES MAGISTRATE JUDGE